UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAL ROSEBERRY, W.K., and J.T., <br><br> Plaintiffs, <br><br> v. <br><br> STUDIO 6 DELK ROAD, LLC; LEXICON HOSPITALITY, LLC; and LEXICON HOSPITALITY INVESTMENTS, LLC, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:25-cv-01062-LMM |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY**

Plaintiffs W.K. and J.T. ask that this Court allow them to bring this action anonymously and to grant a protective order under Federal Rule of Civil Procedure 26(c) that ensures Defendants keep Plaintiffs' identities confidential during and after this action.

**FACTUAL BACKGROUND**

In the Complaint, Plaintiff J.T. alleges that she was forcibly trafficked for sex at the Motel 6 located at 2360 Delk Road, Marietta, Georgia 30067 ("Motel 6") in 2012, when Plaintiff J.T. was 17 years old. J.T. was again trafficked at the Motel 6 from 2015–2016. Plaintiff W.K. also alleges to have been trafficked at the Motel 6 as a minor in 2013 and 2014, at the ages of 15 and 16 years old. Plaintiffs' traffickers

were older men who were frequently violent with them at the Motel 6 and used physical force as a means to control and intimidate Plaintiffs.

Plaintiffs are victims who have suffered varying degrees of violence (and threats of violence) and exploitation at the hands of their traffickers. They have legitimate safety concerns about possibly facing violent retaliation if they are publicly identified in this case. Given the intimate and private nature of the information that Plaintiffs and other witnesses must disclose during this case, Plaintiffs (and other witnesses who are sex trafficking victims) do not wish to be publicly identified as sex trafficking victims. Plus, Plaintiffs have legitimate fears of retaliation to themselves and their immediate family from their former sex traffickers and their known associates—especially since they have already shown a willingness to use violence and control to intimidate them.

## ARGUMENT AND CITATION OF AUTHORITY

Generally, parties to a lawsuit must identify themselves in their respective pleadings under Federal Rule of Civil Procedure 10(a). *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F. 3d 678, 685 (11th Cir. 2001). But "there are some circumstances in which a plaintiff may proceed anonymously." *Doe v. Barrow Cnty., Ga.,* 219 F.R.D. 189, 191 (N.D. Ga. 2003).

To decide whether a plaintiff may proceed anonymously, the Eleventh Circuit has held that the ultimate test is "whether the plaintiff has a substantial privacy right

which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992). When deciding whether a plaintiff may proceed anonymously, the trial court may consider many factors, including "(1) whether the lawsuit involves 'matters of sensitive and highly personal nature'; (2) whether the plaintiff or an innocent non-party risks suffering physical or psychological harm if the plaintiff is identified, taking into consideration the age of the plaintiff; and (3) whether the plaintiff's anonymity imposes a risk of fundamental unfairness to the opposing party." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

This case implicates both the first and the second factors. *First*, Plaintiffs' identities are information of a "sensitive and highly personal nature": specifically, that they are victims of sex trafficking. *Second*, Plaintiffs (and other victim witnesses) risk suffering both physical and psychological harm from their former traffickers and those traffickers' known and unknown affiliates.

In addition to the three-factor test above, the Eleventh Circuit has identified other factors relevant to whether a plaintiff should be proceed anonymously, including "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity poses a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

Here, the totality of the circumstances favor allowing Plaintiffs (and victim witnesses) to proceed anonymously. Thus, the Court should grant Plaintiffs' motion.

## I.   Plaintiffs' identities and the identities of other sex trafficking victims are intimate information.

Plaintiffs and innocent nonparties have a substantial privacy right to avoid disclosure of sensitive and highly personal information in this lawsuit. "Where the issues involved are matters of a sensitive and highly personal nature, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Plaintiff B*, 631 F.3d at 1318. In *Plaintiff B*, the Eleventh Circuit held that descriptions of the plaintiffs while nude and engaging in explicit sexual conduct "could not be of a more sensitive and highly personal nature"; thus, the district court should have allowed the plaintiffs to proceed anonymously. *Id.* at 1317. Similarly, the issues in this case involve graphic descriptions of Plaintiffs (and innocent nonparties) engaged in coerced sexual activity, including potentially while minors, and Plaintiffs and other victim witnesses should be allowed to proceed anonymously without likewise exposing private information about themselves.

The Eleventh Circuit has also considered whether a plaintiff has to admit an intent to engage in prohibited conduct is a factor relevant to granting a plaintiff's request to proceed anonymously. *Doe v. Frank*, 951 F. 2d at 324. Here, Plaintiffs and witnesses may be required to admit such acts, specifically that they engaged in

4

forced prostitution. Accordingly, this factor weighs heavily in favor of granting Plaintiffs' motion.

## II. Plaintiffs and victim witnesses were threatened with and experienced violence from their traffickers.

Another factor the Eleventh Circuit considers is whether a plaintiff may expect "extensive harassment and perhaps even violent reprisals if their identities are disclosed." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). In *Doe v. Barrow County, Ga.*, the district court considered the plaintiff's statements in his affidavit that he feared community retaliation for filing his lawsuit, a challenge to a public display of the Ten Commandments. 219 F.R.D. at 194.

Plaintiffs' fear of retaliation from their former sex traffickers and their associates is much less speculative. Plaintiffs already suffered substantial psychological and physical harm at the hands of their sex traffickers. Other victim witnesses will likely have had the same experiences. Plaintiffs and those victim witnesses have legitimate reasons to fear that litigating without the protection of anonymity could expose them or their families to violent retaliation, now or in the future. The threat of such violent reprisals weighs in favor of granting Plaintiffs' motion.

## III. The public's interest in knowing the identities of Plaintiffs and other sex-trafficking victims is weak.

As the Eleventh Circuit has acknowledged, "[t]he equation linking the public's right to attend trials and the public's right to know the identity of the parties is

not perfectly symmetrical," and "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." 653 F. 2d at 185. Here, public knowledge of Plaintiffs' identities serves no significant purpose. But the desire of Plaintiffs and other victim witnesses to remain anonymous and to not endanger themselves or their families is compelling. Public disclosure of Plaintiffs' identities and the identities of other victim witnesses may deter participation in this case and have a broad chilling effect on the litigation of heinous illegal acts and the companies that financially benefit therefrom under 18 U.S.C. § 1595(a).

### IV.   The anonymity of Plaintiffs and other victim witnesses does not pose a risk of fundamental unfairness to Defendants.

In *Plaintiff B*, the Eleventh Circuit found the defendants were not prejudiced by the plaintiff's anonymity, weighing in favor of granting plaintiff's motion to proceed anonymously, where the defendants were aware of the plaintiff's identities and were not barred from conducting a full range of discovery in building a defense for trial. 631 F.3d at 1319.

Here, Plaintiffs' claims are timely. Plaintiffs will confidentially disclose their identity to Defendants. Plaintiffs and other victim witnesses will participate in discovery, like any other party in federal court, once an appropriate protective order is in place to limit the dissemination of sensitive and highly intimate evidence in their possession as well as their identities.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously and should further order that all materials filed in this action, all judgments, and any other documents relating to this action shall refer to Plaintiffs as W.K. and J.T. and refer pseudonymously to witnesses identified by a party as victims of sex trafficking, as well as Plaintiff's family members, without additional identifying information.

A proposed order granting Plaintiffs' motion is attached as Exhibit 1.

Respectfully submitted this 3rd day of March, 2025.

                ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile