## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAL ROSEBERRY, W.K., and J.T., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | 1:25-CV-01062-LMM |
| STUDIO 6 DELK ROAD, LLC; LEXICON | ) | |
| HOSPITALITY, LLC; LEXICON | ) | |
| HOSPITALITY INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT

COME NOW Defendants Studio 6 Delk Road, LLC; Lexicon Hospitality, LLC; and Lexicon Hospitality Investments, LLC (collectively, "Defendants"), by and through undersigned counsel, and submit this Consolidated Motion to Dismiss Plaintiffs' Complaint and Brief in Support, respectfully showing the Court that Plaintiffs' Complaint must be dismissed in its entirety for failure to state a claim upon which relief could be granted.

## I.    PROCEDURAL HISTORY

Plaintiffs filed their Complaint on February 28, 2025. [Doc. 1.]. The Complaint asserts claims against Defendants for (1) violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA"); (2) Nuisance; and (3) violation of Masha's Law, 18 U.S.C. § 2255.

1

What the Complaint wholly fails to do is plausibly allege Defendants' involvement in a common enterprise or undertaking sufficient to establish liability, as required by the Eleventh Circuit. *See K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, *6 (11th Cir. Feb. 9, 2024).

## II.    PLAINTIFF'S ALLEGATIONS

### (1) Alleged Violation of 18 U.S.C. §1595

Plaintiffs allege that they were trafficked at the Motel 6 located at 2360 Delk Road, Marietta, Georgia ("Motel 6 Delk Road").  [Doc. 1, ¶¶ 1, 20, 29, 41.].  Plaintiff Michal Roseberry alleges that an unnamed individual sold her for sex at the Motel 6 Delk Road from the end of 2015 through March 2016.  [Doc. 1, ¶¶ 20, 24.].  Plaintiff J.T. alleges that an unnamed induvial "trafficked" her at the Motel 6 Delk Road for two months in 2012 and another unnamed individual trafficked her at the same location for an unspecified amount of time from 2015 to 2016.  [Doc. 1, ¶¶ 29-31.].  Plaintiff W.K. alleges that she was trafficked by an unnamed individual at the Motel 6 Delk Road from approximately summer 2013 to the end of 2014.  [Doc. 1, ¶ 41.].

Plaintiffs do not allege that they ever personally interacted with front desk or other Motel 6 Delk Road staff for any purpose, including for the purpose of making room purchases, nor do Plaintiffs allege that they ever accompanied their alleged traffickers to make room purchases.  [*See generally*, Doc. 1.].  Instead, Plaintiffs allege that housekeeping removed trash from the rooms and delivered extra towels.

[Doc. 1, ¶¶ 28, 36, 42.].  Plaintiffs allege that the front desk staff allowed unnamed individuals to rent rooms on credit.  [Doc. 1, ¶ 44.].

Critically, Plaintiffs' Complaint is devoid of any factual allegation that Defendants actively assisted, encouraged, or abetted the traffickers or that any Motel 6 Delk Road staff ever actually observed the trafficking Plaintiffs allege to have been victims of.  [*See generally*, Doc. 1.].

Instead, the Complaint relies solely on conjecture and assumption, alleging only that Defendants may have been exposed to "signs of sex trafficking."  [Doc. 1, ¶¶ 16, 18, 23, 24, 25, 28, 36, 40, 42, 46, 47, 55, 56, 57, 58.].  Plaintiffs go on to characterize the "signs of sex trafficking" as "obvious," however, Plaintiff makes no specific factual allegation that Defendants actually observed, or were an active participant in any criminal activity perpetrated by, a trafficker, or that Defendants aided, encouraged, or abetted the traffickers.  [Doc. 1, ¶¶ 16, 18, 23, 24, 25, 28, 36, 40, 42, 46, 47.].

Plaintiffs allege that "[d]efendants knew or should have known that Michal was being trafficked based on these signs and behavior."  [Doc. 1, ¶ 23.].

This allegation, even if proven true, falls far short of the active participation that must be established in order for Plaintiffs to recover against Defendants.  *See Riti*, 2024 WL 505063 at *6.

### (2) Nuisance

Plaintiffs allege that the Motel 6 Delk Road constitutes a public, private, and statutory nuisance based on alleged acts of prostitution, pimping, and sex trafficking occurring between 2012 and 2016, claiming the Defendants permitted illegal activity that caused Plaintiffs personal injury and emotional harm. [Doc. 1, ¶¶ 90-91, 101.]. These claims fail to state a claim upon which relief can be granted. Any claim for personal injury is governed by the two-year statute of limitations in O.C.G.A. § 9-3-33 and accordingly, Plaintiffs' nuisance claims are time-barred. Even under the extended statute for childhood sexual abuse claims in O.C.G.A. § 9-3-33.1(b)(2)(A), which allows such actions to be filed until the plaintiff reaches age 23 for conduct occurring on or after July 1, 2015, the Complaint remains untimely. Finally, Plaintiffs' assertion that the motel is a nuisance *per se* fails as a matter of law, as a lawful business cannot constitute a nuisance *per se*. *Poultryland, Inc. v. Anderson*, 200 Ga. 549. Plaintiffs' nuisance claims are legally deficient and must be dismissed.

### (3) Alleged Violation of 18 U.S.C. §2255

Plaintiffs allege that based on the allegations that Defendants violated the predicate offense of 18 U.S.C. § 1591, Defendants should be liable to Plaintiffs J.T. and W.K. for compensatory and punitive damages pursuant to 18 U.S.C. §2255. [Doc. 1, ¶¶ 106-113.]. However, this allegation also falls short of the active participation that must be established in order for Plaintiffs to recover.

### III.    ARGUMENT AND CITATION OF AUTHORITY

4

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it "stops short of the line between possibility and plausibility" and will not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, "all well-pleaded factual allegations in the complaint must be taken as true and the complaint must be construed in the light most favorable to the plaintiff." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 523 (11th Cir. 2017). However, the Court "need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations." *Pledger v. Reliance Tr. Co.*, 240 F. Supp.3d 1314, 1321 (N.D. Ga. 2017). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Accordingly, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal'." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The Eleventh Circuit's recent decision in *Riti,* 2024 WL 505063 at *6, emphasizes the necessity for the plaintiff the plausibly allege a defendant's active involvement in a common enterprise or undertaking to establish liability under specific statutory provisions, in this case, the TVPRA.  This precedent reinforces the principle that mere association or indirect contribution to wrongful acts, without more, falls short of crossing the threshold from conjectural to plausible claims for relief.

Accordingly, the Court must determine whether the Complaint articulates a shared, actionable enterprise or direct participation between Defendants and the traffickers vis-à-vis each Plaintiff.  *See Id*. at *8-10.  As set forth more fully below, it does not.

### (1)    Plaintiffs Fail to State a Claim Under The TVPRA.

Plaintiffs' Complaint fails to plead sufficient facts that, if proven true, would entitle Plaintiffs to relief against Defendants for violation of the TVPRA.

"To state a beneficiary claim under Section 1595(a), a plaintiff must plausibly allege that the defendant (1) knowingly benefitted, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Jane Doe #1 v. Red Roof Inns, Inc.* 21 F. 4th 714, 726 (11th Cir. 2021); *see also Riti,* 2024 WL 505063 at *6.

    (a)    <u>Plaintiff has failed to allege that Defendants knowingly benefited from Plaintiffs' alleged sex trafficking.</u>

To establish a violation of 18 U.S.C. § 1591(a)(2) or a standalone civil claim under § 1595(a), a plaintiff must show that "the defendant received a valuable benefit" from participation in sex trafficking. *See, e.g., United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014). The controlling question is "whether [the trafficker] provided ... benefits to [the defendant] *because of* [the defendant's] facilitation of sexual misconduct." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) (emphasis in original).

Moreover, to knowingly benefit is more than to merely benefit – the plain words of the statute necessarily entail an attendant mental state. *Geiss*, 383 F. Supp. 3d at 169. This element of the claim requires not only a causal connection between *affirmative conduct* advancing the alleged sex-trafficking and the receipt of the alleged benefit, but that the benefit is received with knowledge of, and on account

of, that causal relationship. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (requiring "'overt act' that furthers the sex trafficking aspect of the venture," not "mere negative acquiescence.").

Plaintiffs' Complaint fails to assert even one specific instance of Defendants receiving some benefit with knowledge of, and on account of, the trafficker's alleged exploitation of Plaintiffs.  [*See generally*, Doc. 1.].  Rather, Plaintiffs' Complaint alleges that Defendants operate a common lodging facility and the only allegations as to any benefit obtained by Defendants are that Defendants obtained "anything of value, from participation in ventures of renting rooms" [Doc. 1, ¶ 112].

Such general allegations are insufficient to establish a defendant's liability for violation of the TVPRA.  *See Geiss*, 383 F. Supp. at 170; *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (granting summary judgment where the plaintiff failed to show a payment as "quid pro quo for the sex acts" and failed to show that the defendants "were compensated 'on account of' the sex acts.").  "[A]llegations of financial benefit alone are not sufficient to establish that the defendant participated in a sex trafficking venture."  *Riti*, 2024 WL 505063 at *10-11.

Even accepting Plaintiffs' allegations in the Complaint as true, Plaintiffs have failed to show that Defendants received a benefit from Plaintiffs' traffickers in return for active participation in the trafficker's scheme or the knowing and voluntary

facilitation of the exploitation of Plaintiffs.  As the Eleventh Circuit made clear in *Red Roof Inns,* 21 F. 4th at 726, and as reiterated in *Riti*, 2024 WL 505063 at *11, "[o]bserving the signs of sex trafficking 'is not the same as participating in it'." Accordingly, Plaintiffs have failed to state a claim against Defendants for violation of the TVPRA, and the TVPRA claim must be dismissed.

> (b)    Plaintiffs have failed to allege that Defendants participated in a sex trafficking venture.

To state a claim under the TVPRA, a plaintiff must also make sufficient factual allegations that the defendant knowingly, voluntarily, and actually participated in a trafficking venture.

A trafficking "venture" is defined as "any group of two or more individuals associated in fact."  18 U.S.C. § 1591(e)(6).  "[P]articipation in a venture" means "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1) [sex trafficking]."  18 U.S.C. § 1591(e)(4).  "[A] sex trafficking venture cannot be "any 'association' of people for any purpose," instead "participation" requires an "'overt act' that furthers the sex trafficking aspect of the venture," not "mere negative acquiescence."  *See Afyare*, 632 F. App'x at 286.  "The participation giving rise to the benefit must be participation in a sex-trafficking venture, not participation in other activities engaged in by the sex traffickers that do not further the sex-trafficking aspect of their venture."  *Geiss*, 383 F. Supp. 3d at 169.

In *Red Roof Inns*, the plaintiffs alleged that the franchisors "'owned, managed, supervised, operated, oversaw, controlled the operation of, and/or were inextricably connected to the renting of rooms' at the hotels." *Id*. at 726. In *Red Roof Inns*, the Eleventh Circuit held that while "[t]hese allegations may suggest that the franchisors financially benefited from renting hotel rooms to the Does' sex traffickers," they did not "show that the franchisors participated in a common undertaking involving risk or profit that violated the TVPRA – i.e., the alleged sex trafficking ventures." *Id*. at 726 – 727.

The Eleventh Circuit recently clarified and expanded this holding to include, not just the franchisor, but also franchisees who merely rent rooms to a trafficker. *Riti*, 2024 WL 505063 at *3. In *Riti*, the Court held that, "[t]he difference between physically renting the rooms (based on the facts of this case) and 'controll[ing] the operation of' renting the rooms (based on the facts of *Red Roof*) is immaterial." *Id*. Allegations amounting to "contentions that [a hotel operator] financially benefitted from renting hotel rooms to [Plaintiff's] trafficker and that [the hotel operator] observed signs of sex trafficking at the hotel" are insufficient to establish participation in a sex trafficking venture. *Id*. at *4. In so holding, the *Riti* Court reinforced the principle that liability of a hotel operator for violation of the TVPRA requires active participation by the operator through overt acts in furtherance of the trafficking venture. Plaintiff has made no such allegations as to Defendant here.

Moreover, Plaintiff must sufficiently allege that "'the venture in which [Defendants] participated and from which [they] knowingly benefited ... violated the TVPRA as to [Plaintiff]' and whether Defendants had 'actual or constructive knowledge that the venture—in which [they] voluntarily participated and from which [they] knowingly benefited—violated the TVPRA as to Plaintiff'." *C.C. v. H.K. Grp. of Co.*, No. 1:21-CV-1345-TCB, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022); *citing Red Roof Inns,* 21 F.4th at 724.

Plaintiffs have not alleged, and cannot allege, that Defendants made any voluntary, overt acts in furtherance of any trafficker's alleged exploitation of Plaintiffs, with either actual or constructive knowledge that the trafficker was exploiting any Plaintiff.  Rather, Plaintiffs' sole substantive allegation as to Defendants is that "[s]taff at the … Motel 6 Marietta had a reasonable opportunity to observe Jane Doe K.B. who was being sexually exploited."  [Doc. 50, ¶ 68.].

Alleging that Defendants "knew or should have known that [Plaintiffs] [were] being trafficked" falls far short of any knowing and voluntary overt act in furtherance of the alleged exploitation of Plaintiffs by their traffickers.  *See Red Roof Inns,* 21 F.4th at 727 ("***observing something is not the same as participating in it***") (emphasis added); *Riti*, 2024 WL 505063 at *11 ("observing signs of sex trafficking 'is not the same as participating in it").  Accordingly, Plaintiffs have failed to state

a claim against Defendants for violation of the TVPRA and Plaintiffs' TVPRA claim must be dismissed.

Certain other of Plaintiffs' allegations highlight the inadequacy of their TVPRA claim, as the Complaint alleges that the housekeeping staff "facilitated the sex trafficking" by delivering "extra towels" upon request and emptying "trash cans filled with used condoms." [Doc. 1, ¶¶ 36, 42.]. Providing extra towels and emptying the trash are routine tasks expected of housekeeping staff by motel guests across the country. Even accepting those allegations as true, Plaintiffs have failed to show that Defendants were knowingly, voluntary, and actually participated in a venture to exploit Plaintiffs, as required by the Eleventh Circuit; rather, the Complaint merely alleges that Defendants might have done more to discover that Plaintiffs were the victims of their traffickers, or that if Defendants had identified Plaintiffs as a trafficking victims, they might have taken some unidentified, hypothetical steps to prevent the traffickers from carrying out their plans to exploit the Plaintiffs. These allegations fall far short of the allegations necessary to sustain a claim under the TVPRA, as they do not in any way allege that Defendants were knowing and voluntary participants in cooperation with the traffickers to carry out the exploitation of the Plaintiffs.

For the same reasons, Plaintiffs' allegations about the general nature of sex trafficking are insufficient to state a claim against Defendants for violation of the

TVPRA, as they are neither germane to Defendants' activities or operations, nor do they establish any knowing and voluntary act by Defendants in furtherance of the alleged trafficking of the Plaintiffs.

Accordingly, Plaintiffs' Complaint has not sufficiently pled any instance of active participation in a trafficking venture by Defendants against the Plaintiffs, and Plaintiffs' TVPRA claim must be dismissed.

        (c)    <u>Plaintiffs have failed to allege that Defendants had actual or constructive knowledge of any alleged trafficking venture as to Plaintiffs.</u>

The Eleventh Circuit has determined that the failure to plausibly allege a defendant's participation in a common undertaking or enterprise with a plaintiff's trafficker is dispositive, and it need not proceed to evaluate the knowledge component regarding the trafficking venture's violation of the TVPRA. *Riti*, 2024 WL 505063 at *6. Nonetheless, Plaintiffs' Complaint fails to plausibly allege that Defendants had actual or constructive knowledge of any alleged trafficking venture as to Plaintiffs.

To state a claim for a violation of § 1591(a)(2), a plaintiff must allege facts plausibly showing that the defendant knew or recklessly disregarded that the plaintiff was being forced or coerced to commit commercial sex acts. *See* 18 U.S.C. § 1591(a)(2). The phrase "participation in a venture" in 18 U.S.C. § 1591 imports a state of mind requirement – the participation must be "knowing." *M.A. v. Wyndham*

*Hotels & Resorts, Inc.*, 425 F. Supp.3d 959, 969 (S.D. Ohio 2019). *See also Riti,* 2024 WL 505063 at \*11 (*quoting Red Roof Inns,* 21 F.4th at 727) ("observing signs of sex trafficking 'is not the same as participating in it'."). This Court recently reiterated the Eleventh Circuit's definition of the knowledge element as "requiring the plaintiff to allege that 'the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff*.'" *Doe (K.B.) v G6 Hospitality, LLC*, No. 1:23-CV-2597-TWT, 2023 WL 8650785, at \*6 (N.D. Ga. Dec. 14, 2023) (*quoting Red Roof Inns,* 21 F.4th at 726).

A claim under § 1595(a) requires facts plausibly suggesting that the defendant should have known that the plaintiff was being forced or coerced to commit commercial sex acts. *See* 18 U.S.C. 1595(a). A plaintiff must also allege that the defendant knew or acted in reckless disregard of the fact that *force, threats of force, fraud, or coercion* would be used to cause the person to engage in a commercial sex act, or that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act. *Id*. *See also U.S. v. Robinson*, 702 F.3d 22, 32 (2012) ("Federal courts have used the 'should have known' standard in Section 1595(a) similarly to the reckless disregard standard from Section 1591(a)(2).").

In *Ricchio v. McLean*, 853 F.3d 553, 555-56, 558 (1st Cir. 2017), the Court held that the complaint adequately pleaded TVPRA violations against a hotel owner where the hotel owner was alleged to have actually witnessed "several exhibitions

of coercive and brutal behavior" by the trafficker, including the plaintiff's plea for help, making it "apparent" that the plaintiff was being held against her will as a "sex slave." *Id.* (emphasis added); *see also Noble v. Weinstein*, 335 F. Supp.3d 504, 524 (S.D.N.Y. 2018) ("Such conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the alleged sex trafficking venture. In other words, some participation in the sex trafficking act itself must be shown.").

Here, Plaintiffs' Complaint makes no allegations that Defendants observed any threatening, violent, or coercive behavior toward Plaintiffs in relation to alleged sex trafficking, that Plaintiffs ever attempted to seek help from Defendants, or that Plaintiffs made any attempt to alert Defendants to their alleged trafficking. [*See generally*, Doc. 1.].

Instead, the Complaint relies only on vague, generalized accusations concerning the nature of sex trafficking, and allegations that Defendants should have observed signs of sex trafficking. This Court has previously held that allegations substantially similar to those brough by the Plaintiffs here are insufficient to plausibly allege the knowledge requirement. *Doe (K.B.) v G6 Hospitality,* 2023 WL 8650785 at *6. The Court should reach the same conclusion in this matter.

Plaintiffs' allegations, even if accepted as true, are wholly insufficient to establish that Defendants knowingly or by reckless disregard recruited, enticed,

transported, advertised, patronized, solicited, or knowingly benefited from participation in sex trafficking venture.  Because Plaintiffs' Complaint fails to sufficiently plead facts that Defendants had any actual knowledge, constructive knowledge, or reckless disregard of any alleged trafficking venture against Plaintiffs, Plaintiffs' TVPRA claim must be dismissed.

> ### (2)    Plaintiffs Fail to State a Claim for Nuisance.
>
> #### a.    Plaintiffs have failed to allege that Defendants had control over the alleged harm suffered by Plaintiffs

A nuisance is defined as "anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it form being a nuisance."  O.C.G.A. § 41-1-1.  Under Georgia law, the essential element of a nuisance claim is control over the cause of the alleged harm.  Indeed, "[t]he tortfeasor must be either the cause or a concurrent cause of the creation, continuance, or maintenance of the nuisance."  *Sumitomo Corp. of America v. Deal*, 256 Ga. App. 703, 706 (2002).

Here, Plaintiffs' Complaint alleges that Defendants operated a nuisance motel by permitting illegal activity to occur at the motel.  [Doc. 1, ¶¶ 95-98, 101.].  However, Plaintiffs failed to assert an essential element of nuisance, that Defendants had control over the alleged harm suffered by Plaintiffs.  Plaintiffs allege that their traffickers committed sex trafficking but they do not allege that Defendants caused them to be sex trafficked.  Rather, Plaintiffs claim that "Plaintiffs' traffickers

selected this nuisance motel as a good location to sell Plaintiffs for sex because this motel was known to allow such activity to occur and/or failed to enact any measures to stop such activity from occurring." [Doc. 1, ¶ 99.] Plaintiffs' traffickers had control over the harm they inflicted as a result of the sex trafficking of Plaintiffs, not Defendants. The same harm would have occurred regardless of the traffickers' choice of location. Plaintiffs cannot simply rely upon their description of Defendants' property as a "nuisance motel." [Doc. 1, ¶ 99.] Thus, Plaintiffs' allegations that Defendants permitted illegal activities to occur are insufficient to state a valid claim of nuisance, and Plaintiffs' claim should be dismissed.

### b.  <u>Plaintiffs' nuisance claim is barred by the statute of limitations</u>

All of Plaintiffs' claims, whether styled as public nuisance, private nuisance, or statutory nuisance, are time-barred under Georga law and must be dismissed.

Georgia imposes a two-year statute of limitations on all personal injury claims, including those arising from nuisance theories. See O.C.G.A. § 9-3-33; *City of Atlanta v. Starke*, 192 Ga. App. 267, 268 (1989). While O.C.G.A. § 9-3-33.1 provides an extended limitation period for civil claims arising out of childhood sexual abuse, that statute still imposes a firm cutoff that actions must be filed on or before the plaintiff's 23rd birthday for conduct occurring on or after July 1, 2015. *See* O.C.G.A. § 9-3-33.1(b)(2)(A). For conduct allegedly occurring before that date,

the extended limitations period does not apply. None of Plaintiffs' claims fall within these limits.

### (1) Plaintiff Michal Roseberry

Plaintiff Michal Roseberry alleges she was trafficked at the Motel 6 Delk Road in 2012, and there is no allegation that she was a minor at that time. [Doc. 1, ¶ 20.]. Her claims are thus governed solely by the standard two-year personal injury statute of limitations under O.C.G.A. § 9-3-33. As such, her right to bring a nuisance claim expired in 2014, at the latest, and her claim is time-barred as a matter of law.

### (2) Plaintiff J.T.

Plaintiff J.T. alleges she was trafficked at age 17 in 2012 and again during 2015-2016, after she was no longer a minor. [Doc. 1, ¶ 29.]. Any claims related to the 2012 conduct are subject to the pre-July 1, 2015 framework of O.C.G.A. § 9-3-33.1 and are time-barred. Because the statute only applies to childhood sexual abuse that occurred on or after July 1, 2015, her 2012 allegations fall outside the parameters of O.C.G.A. § 9-3-33.1 and revert to the general personal injury limitation period which expired in 2014. As for her claims based on alleged trafficking in 2015-2016, she was no longer a minor during that period. Thus, her nuisance claim is subject to the standard two-year limitation period under O.C.G.A § 9-3-33, and the statute of limitation expired, at the latest, in 2018.

### (3) Plaintiff W.K.

Plaintiff W.K. alleges that she was trafficked in 2013 and 2014 at ages 15 and 16. [Doc. 1, ¶ 41.]. However, because all of the alleged conduct occurred before July 1, 2015, the extended limitation period in O.C.G.A § 9-3-33.1 does not apply. Her nuisance claims are instead subject to the default statute of limitations of two years. Even if O.C.G.A. § 9-3-33.1 applied, Plaintiff W.K would have turned 23 in 2021, at which time the statute of limitations would have expired on her nuisance claims. Her nuisance claim is likewise untimely and barred as a matter of law.

### (4) Plaintiffs' nuisance claims are time-barred regardless of classification

Plaintiffs allege that Defendants' nuisance is continuing and ongoing, "thereby creating a nuisance that continues to this day." [Doc. 1, ¶ 102.]. In *Cox v. Cambridge Square Towne Houses,* 239 Ga. 127, 129 (1997), the Georgia Supreme Court held that when a nuisance "will continue indefinitely, the [plaintiff] has the right to elect to treat the nuisance as temporary and sue for all those damages which have occurred within [statute of limitations], or he may elect to sue for all future damages as well and put an end to the matter."

Here, Plaintiffs have not alleged any trafficking, criminal activity, or resulting personal harm occurring within two years of the filing of this lawsuit. The latest alleged conduct by any Defendant occurred no later than 2016, well outside the two-year statute of limitations, even for claims brought under a continuing nuisance theory. Plaintiffs have not elected, either expressly or impliedly, to bring claims

only for harms occurring with the past two years.  Instead, the Complaint seeks to recover for events occurring exclusively between 2012 and 2016, and contains no factual allegations of any subsequent injury or nuisance-related harm occurring after that period.

Accordingly, whether Plaintiffs purport to proceed under a theory of temporary nuisance or continuing nuisance, their claims are barred under Georgia's two-year limitations framework for personal injury claims.  Because Plaintiffs failed to bring suit within the time permitted, their nuisance claim must be dismissed.

### (3)  Plaintiffs fail to State a Claim Under Masha's Law 18 U.S.C. § 2255.

Plaintiffs J.T. and W.K also assert a claim under 18 U.S.C. § 2255 based on alleged violations of 18 U.S.C. § 1591(a), arguing that Defendants knowingly participated in and benefitted from a sex trafficking venture involving Plaintiffs J.T. and W.K.  However, to state a claim under § 2255, Plaintiffs must plausibly allege that Defendants knowingly assisted, supported, or facilitated a sex trafficking venture in violation of § 1591(a), and that Defendants received a benefit from that participation with knowledge of the causal connection between their conduct and the trafficking.  See 18 U.S.C. § 1591(e)(4); *Afyare*, 632 F. App'x at 286; *Geiss*, 383 F. Supp.3d at 169.

As set forth more fully in Section III(1)(a), III(1)(b), and III(1)(c) *supra*, Plaintiffs have not alleged any knowing, voluntary, and overt act by Defendants that

furthers any sex trafficking venture, nor any plausible facts showing that any Defendant received a benefit because of their alleged facilitation of sex trafficking. Plaintiffs' theory rests on conclusory allegations, and because more than mere knowledge or passive conduct is required, Plaintiffs claim fails as a matter of law.

Accordingly, Plaintiffs' claim for exemplary damages must be dismissed.

## IV.    CONCLUSION

Plaintiffs' Complaint is fatally deficient insofar as it fails to allege sufficient facts which, accepted as true, would establish that Defendants knowingly and voluntarily benefited from Plaintiffs' alleged exploitation, that Defendants were participants in a sex trafficking venture as to Plaintiffs, that Defendants made any voluntary, overt act in furtherance of a sex trafficking venture as to Plaintiffs, or that Defendants had actual or constructive knowledge of any alleged trafficking venture as to Plaintiffs.  Plaintiffs' failure to allege any one of these elements warrants dismissal, and Plaintiffs' failure to allege each and every one mandates that Plaintiffs' substantive claims under the TVPRA and Masha's Law must be dismissed in their entirety as against Defendants.

Moreover, Plaintiffs' nuisance claims are time-barred by the statute of limitations and must be dismissed.

Accordingly, Defendants respectfully request that the Court grant this Motion to Dismiss, and dismiss Plaintiffs' Complaint as against Defendants in its entirety, with prejudice.

Respectfully submitted this 7th day of May, 2025.

**PETER F. SCHOENTHALER, P.C.**

 */s/ Peter Schoenthaler*
Peter F. Schoenthaler, Esq.
Georgia Bar No. 629789
Christopher Rosser, Esq.
Georgia Bar No. 761317
Timothy M. Blenner, Esq.
Georgia Bar No. 653606
6400 Powers Ferry Road NW
Suite 230
Atlanta, GA 30339
Tel: (404) 592-5397
Fax: (855) 283-8983
pfs@schoenthalerlaw.com
crosser@schoenthalerlaw.com
tblenner@schoenthalerlaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Pursuant to Rule 7.1(D) of the Local Civil Rules, N.D. Ga., the undersigned certifies that this pleading complies with L.R. 5.1C, N.D. Ga. and is prepared in Times New Roman, 14-point font and such other requirements as are set forth in L.R. 5.1C, N.D. Ga.

Respectfully submitted this 7th day of May, 2025.

**PETER F. SCHOENTHALER, P.C.**

 */s/ Peter Schoenthaler*
Peter F. Schoenthaler, Esq.
Georgia Bar No. 629789
pfs@schoenthalerlaw.com
*Attorney for Defendants*
