IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ROSEBERRY, W.K. and J.T., <br><br>     Plaintiffs, <br><br> v. <br><br> STUDIO 6 DELK ROAD, LLC; LEXICON HOSPITALITY, LLC; LEXICON HOSPITALITY INVESTMENTS, LLC, <br><br>     Defendants. | Civil Action <br> File No.: 1:25-CV-01062-LMM |

## DEFENDANTS STUDIO 6 DELK ROAD, LLC, LEXICON HOSPITALITY, LLC AND LEXICON HOSPITALITY INVESTMENTS, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW Defendants Studio 6 Delk Road, LLC; Lexicon Hospitality, LLC; and Lexicon Hospitality Investments, LLC (collectively "Defendants"), by and through undersigned counsel, and submit their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Pending further investigation and discovery and to preserve defenses, some or all of Plaintiffs' Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Pending additional investigation and discovery, Defendant states that Plaintiffs' alleged injuries and damages were caused or contributed to by Plaintiffs' own actions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs Roseberry, W.K. and J.T. failed to exercise reasonable care for their own safety.

## FOURTH AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendants because no act or omission of Defendants was the legal cause or the proximate precipitating cause of Plaintiffs' alleged injuries and damages.

## SIXTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence and assumption of the risk. Defendants deny that Defendants or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

## SEVENTH AFFIRMATIVE DEFENSE

Pending additional investigation and discovery, Defendant had no actual or constructive knowledge of any alleged dangerous or hazardous conditions or activities which allegedly caused Plaintiffs' injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any special damages to the extent that Plaintiffs have failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## NINTH AFFIRMATIVE DEFENSE

In the event any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a setoff against any verdict for the amount of benefits paid.

## TENTH AFFIRMATIVE DEFENSE

Any damages awarded to Plaintiffs should be reduced proportionally based upon the negligence of Plaintiffs Roseberry, W.K. and J.T., if any, and/or other unnamed responsible parties, pursuant to O.C.G.A. §51-12-33.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case. Further, Defendants preserves all rights against Plaintiffs to the extent these claims are asserted without any justifiable basis in fact or law.

## TWELFTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Defendant reserves the right to assert all applicable affirmative defenses provided and/or available under the Georgia Civil Practice Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations contained in Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 1 of Plaintiffs' Complaint, which are therefore denied by operation of law.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendants admit the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

4.

Defendants admit the allegations contained within Paragraph 4 of Plaintiffs' Complaint.

5.

Defendants admit the allegations contained within Paragraph 5 of Plaintiffs' Complaint.

6.

Defendants admit the allegations contained within Paragraph 6 of Plaintiffs' Complaint.

7.

Defendants admit the allegations contained within Paragraph 7 of Plaintiffs' Complaint.

8.

Defendants admit the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

9.

Defendants admit the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

Defendants admit the allegations contained within Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants deny the allegations contained within Paragraph 11 of Plaintiffs' Complaint.

12.

Defendants deny the allegations contained within Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants deny the allegations contained within Paragraph 13 of Plaintiffs' Complaint.

14.

Defendants deny the allegations contained within Paragraph 14 of Plaintiffs' Complaint.

15.

Defendants deny the allegations contained within Paragraph 15 of Plaintiffs' Complaint.

16.

Defendants deny the allegations contained within Paragraph 16 and the  sub parts (a) through (f) are also denied.

17.

Paragraph 17 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit the statutory definitions of commercial sex pursuant to 18 U.S.C. § 1591(a) and O.C.G.A. § 16-5-46(8)(B).

18.

Defendants deny the allegations contained within Paragraph 16 and the subparts (a) through (c) are also denied.

19.

The allegations contained within Paragraph 19 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability and further denies that Plaintiffs are entitled to recover any damages from Defendants.

## I.    Michal's Trafficking at Motel 6

20.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 20 of Plaintiffs' Complaint, which are therefore denied by operation of law.

21.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 21 of Plaintiffs' Complaint, which are therefore denied by operation of law.

22.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 22 of Plaintiffs' Complaint, which are therefore denied by operation of law.

23.

Defendants deny the allegations contained within Paragraph 23 of Plaintiffs' Complaint.

24.

Defendants deny the allegations contained within Paragraph 24 of Plaintiffs' Complaint.

25.

Defendants deny the allegations contained within Paragraph 25 of Plaintiffs' Complaint.

26.

Defendants deny the allegations contained within Paragraph 26 of Plaintiffs' Complaint.

27.

Defendants deny the allegations contained within Paragraph 27 of Plaintiffs'
Complaint.

28.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 28 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

29.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 29 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

30.

Defendants deny the allegations contained within Paragraph 30 of Plaintiffs'
Complaint.

31.

Defendants deny the allegations contained within Paragraph 31 of Plaintiffs'
Complaint.

32.

Defendants deny the allegations contained within Paragraph 32 of Plaintiffs'
Complaint.

## II. Plaintiff J.T.'s Trafficking at the Motel 6.

33.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 33 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

34.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 34 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

35.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 35 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

36.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 36 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

37.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 37 of Plaintiffs' Complaint, which are therefore denied by operation of law.

38.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 38 of Plaintiffs' Complaint, which are therefore denied by operation of law.

39.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 39 of Plaintiffs' Complaint, which are therefore denied by operation of law.

40.

Defendants deny the allegations contained within Paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained within Paragraph 41 of Plaintiffs' Complaint.

42.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 42 of Plaintiffs' Complaint, which are therefore denied by operation of law.

43.

Defendants deny the allegations contained within Paragraph 43 of Plaintiffs' Complaint.

44.

Defendants deny the allegations contained within Paragraph 44 of Plaintiffs' Complaint.

45.

Defendants deny the allegations contained within Paragraph 45 of Plaintiffs' Complaint.

46.

Defendants deny the allegations contained within Paragraph 46 of Plaintiffs' Complaint.

47.

Defendants deny the allegations contained within Paragraph 47 of Plaintiffs' Complaint.

## III. Plaintiff W.K.'s Trafficking at the Motel 6

48.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 48 of Plaintiffs' Complaint, which are therefore denied by operation of law.

49.

Defendants deny the allegations contained within Paragraph 49 of Plaintiffs' Complaint.

50.

Defendants deny the allegations contained within Paragraph 50 of Plaintiffs' Complaint.

51.

Defendants deny the allegations contained within Paragraph 51 of Plaintiffs' Complaint.

52.

Defendants deny the allegations contained within Paragraph 52 of Plaintiffs' Complaint.

53.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 53 of Plaintiffs' Complaint, which are therefore denied by operation of law.

54.

Defendants deny the allegations contained within Paragraph 54 of Plaintiffs' Complaint.

55.

Defendants deny the allegations contained within Paragraph 55 of Plaintiffs' Complaint.

56.

Defendants deny the allegations contained within Paragraph 56 of Plaintiffs' Complaint.

57.

Defendants deny the allegations contained within Paragraph 57 of Plaintiffs' Complaint.

**III. Defendants' involvement with other trafficking victims at the Motel 6.**

58.

Defendants deny the allegations contained within Paragraph 58 of Plaintiffs' Complaint.

59.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 59 of Plaintiffs' Complaint, which are therefore denied by operation of law.

60.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 60 of Plaintiffs' Complaint, which are therefore denied by operation of law.

61.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 61 of Plaintiffs' Complaint, which are therefore denied by operation of law.

62.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 62 of Plaintiffs' Complaint, which are therefore denied by operation of law.

63.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 63 of Plaintiffs' Complaint, which are therefore denied by operation of law.

64.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 64 of Plaintiffs' Complaint, which are therefore denied by operation of law.

65.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 65 of Plaintiffs' Complaint, which are therefore denied by operation of law.

66.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 66 of Plaintiffs' Complaint, which are therefore denied by operation of law.

67.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 67 of Plaintiffs' Complaint, which are therefore denied by operation of law.

68.

Defendants deny the allegations contained within Paragraph 68 of Plaintiffs' Complaint.

**IV. Defendants' Knowledge of Prior Crime at the Motel 6.**

69.

Defendants deny the allegations contained within Paragraph 69 of Plaintiffs' Complaint.

70.

Defendants deny the allegations contained within Paragraph 70 of Plaintiffs' Complaint.

71.

Defendants deny the allegations contained within Paragraph 71 of Plaintiffs' Complaint.

72.

Defendants deny the allegations contained within Paragraph 72 of Plaintiffs' Complaint.

73.

Defendants deny the allegations contained within Paragraph 73 of Plaintiffs'
Complaint.

74.

Defendants deny the allegations contained within Paragraph 74 of Plaintiffs'
Complaint.

75.

Defendants deny the allegations contained within Paragraph 75 of Plaintiffs'
Complaint.

76.

Defendants deny as pled the allegations within Paragraph 76 of Plaintiffs'
Complaint and the subparts (x) through (xxi).

77.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 77 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

78.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 78 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

79.

Defendants deny the allegations contained in paragraph 79 of Plaintiffs'
Complaint.

**V. Defendants' Knowledge of Sex Trafficking Generally**

80.

Paragraph 80 of Plaintiffs' Complaint asserts a legal conclusion, which does
not require a response. To the extent a response is required, Defendant admits the
passage of the Trafficking Victims Protection Act in 2000 and the United Nations'
adoption of the Palermo Protocol.

81.

Defendants deny as pled the allegations contained within Paragraph 81 of
Plaintiffs' Complaint.

82.

Defendants are without information or knowledge sufficient to admit or deny
the remaining allegations contained within Paragraph 82 of Plaintiffs' Complaint,
which are therefore denied by operation of law.

83.

Paragraph 83 of Plaintiffs' Complaint asserts a legal conclusion, which does
not require a response. To the extent a response is required, Defendants deny
allegations as pled. Defendant is without information or knowledge sufficient to

admit or deny the remaining allegations contained within Paragraph 83 of Plaintiffs' Complaint, which are therefore denied by operation of law.

84.

Paragraph 84 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny allegations as pled. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 84 of Plaintiffs' Complaint, which are therefore denied by operation of law.

85.

Paragraph 85 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny allegations as pled. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 85 of Plaintiffs' Complaint, which are therefore denied by operation of law.

86.

Paragraph 86 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny allegations as pled. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 86 of Plaintiffs' Complaint, which are therefore denied by operation of law.

87.

Paragraph 87 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant denies allegations as pled. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 87 of Plaintiffs' Complaint, which are therefore denied by operation of law.

88.

Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 88 of Plaintiffs' Complaint, which are therefore denied by operation of law.

89.

Paragraph 89 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant denies allegations as pled. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 89 of Plaintiffs' Complaint, which are therefore denied by operation of law.

90.

Defendants deny as pled the allegations contained within Paragraph 90 of Plaintiffs' Complaint.

91.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 91 of Plaintiffs' Complaint, which are therefore denied by operation of law.

92.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 92 of Plaintiffs' Complaint, which are therefore denied by operation of law.

93.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 93 of Plaintiffs' Complaint, which are therefore denied by operation of law.

94.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 94 of Plaintiffs' Complaint, which are therefore denied by operation of law.

95.

Defendants deny the allegations contained within Paragraph 95 of Plaintiffs' Complaint.

## <u>Count I</u>
## <u>Statutory Liability: Sex Trafficking</u>
## <u>18 U.S.C. § 1595</u>

96.

Defendants reallege its responses to Paragraphs 1-95 of Plaintiffs' Complaint as if fully incorporated herein.

97.

Defendants deny the allegations contained within Paragraph 97 of Plaintiffs' Complaint.

98.

Defendants deny the allegations contained within Paragraph 98 of Plaintiffs' Complaint.

99.

Defendants deny the allegations contained within Paragraph 99 of Plaintiffs' Complaint.

100.

Defendants deny the allegations contained within Paragraph 100 of Plaintiffs' Complaint.

101.

Defendants deny the allegations contained within Paragraph 101 of Plaintiffs'
Complaint.

102.

Defendants deny the allegations contained within Paragraph 102 of Plaintiffs'
Complaint.

103.

Defendants deny the allegations contained within Paragraph 103 of Plaintiffs'
Complaint.

104.

Defendants deny as pled the allegations contained within Paragraph 104 of
Plaintiffs' Complaint.

105.

Defendants deny the allegations contained within Paragraph 105 of Plaintiffs'
Complaint.

106.

Defendants deny the allegations contained within Paragraph 106 of Plaintiffs'
Complaint.

## Count II—Nuisance

### 107.

Defendants reallege its responses to Paragraphs 1-106 of Plaintiffs' Complaint as if fully incorporated herein.

### 108.

Paragraph 108 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits that O.C.G.A. § 41-1-1 refers to Georgia law regarding nuisance.

### 109.

Paragraph 109 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits that O.C.G.A. § 41-1-2 refers to Georgia law regarding public or private nuisance.

### 110.

Paragraph 110 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits that O.C.G.A. § 41-1-3 refers to Georgia law regarding public nuisance.

111.

Paragraph 111 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits that O.C.G.A. § 41-3-1 refers to Georgia law regarding nuisance in a sexual context.

**Public Nuisance**

112.

Defendants deny the allegations contained within Paragraph 112 of Plaintiffs' Complaint.

113.

Defendants deny the allegations contained within Paragraph 113 of Plaintiffs' Complaint.

114.

Defendants deny the allegations contained within Paragraph 114 of Plaintiffs' Complaint.

115.

Defendants deny the allegations contained within Paragraph 115 of Plaintiffs' Complaint.

116.

Defendants deny the allegations contained within Paragraph 116 of Plaintiffs' Complaint.

## Nuisance per se pursuant to O.C.G.A. § 41-3-1

117.

Defendants deny the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.

Defendants deny the allegations contained within Paragraph 118 of Plaintiffs' Complaint.

119.

Defendants deny the allegations contained within Paragraph 119 of Plaintiffs' Complaint.

120.

Defendants deny as pled the allegations contained within Paragraph 120 of Plaintiffs' Complaint.

121.

Defendants deny the allegations contained within Paragraph 121 of Plaintiffs' Complaint.

**Count III**
**Statutory Liability: Masha's Law 18 U.S.C. § 2255**
**W.K. and J.T. Against All Defendants**

122.

Defendants reallege its responses to Paragraphs 1-121 of Plaintiffs' Complaint as if fully incorporated herein.

123.

Defendants deny the allegations contained within Paragraph 123 of Plaintiffs' Complaint.

124.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 124 of Plaintiffs' Complaint, which are therefore denied by operation of law.

125.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 125 of Plaintiffs' Complaint, which are therefore denied by operation of law.

126.

Defendants deny the allegations contained within Paragraph 126 of Plaintiffs'
Complaint.

127.

Defendants deny the allegations contained within Paragraph 127 of Plaintiffs'
Complaint.

128.

Defendants deny the allegations contained within Paragraph 128 of Plaintiffs'
Complaint.

129.

Defendants deny the allegations contained within Paragraph 129 of Plaintiffs'
Complaint.

130.

Defendants deny the allegations contained within Paragraph 130 of Plaintiffs'
Complaint.

**<u>Damages</u>**

131.

Defendants reallege its responses to Paragraphs 1-130 of Plaintiffs' Complaint as if fully incorporated herein.

132.

Defendants deny the allegations contained within Paragraph 132 of Plaintiffs' Complaint.

133.

Defendants deny the allegations contained within Paragraph 133 of Plaintiffs' Complaint.

134.

Defendants deny the allegations contained within Paragraph 134 of Plaintiffs' Complaint.

135.

In response to Plaintiffs' prayer for relief located immediately after Paragraph 134 of Plaintiffs' Complaint, including subparts (a) through (e), Defendants deny the allegations contained therein and further denies that Plaintiffs are entitled to any of the relief sought therein from Defendants.

136.

Defendants deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein and specifically denies any liability to Plaintiffs.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY AS TO ALL ISSUES PRESENTED IN PLAINTIFFS' COMPLAINT.**

This 25th day of November, 2025.

Chartwell Law
Attorney for Defendants

By:    */s/ Robert A. Luskin*
Robert A. Luskin
GA State Bar No.: 004383
rluskin@chartwelllaw.com
Danielle N. Glover
GA State Bar No.: 650569
dglover@chartwelllaw.com
3350 Riverwood Parkway SE, Suite 1250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ROSEBERRY, W.K. and
J.T.,

    Plaintiffs,

v.

STUDIO 6 DELK ROAD, LLC;
LEXICON HOSPITALITY, LLC;
LEXICON HOSPITALITY
INVESTMENTS, LLC,

    Defendants.

Civil Action
File No.: 1:25-CV-01062-LMM

## CERTIFICATE OF COMPLIANCE

Counsel for the Defendants hereby certifies that this pleading was prepared in Times New Roman, 14 Point, in compliance with Local Rule 5.1.B.

Respectfully submitted, this 25th day of November, 2025.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ROSEBERRY, W.K. and J.T., <br><br>     Plaintiffs, <br><br> v. <br><br> STUDIO 6 DELK ROAD, LLC; LEXICON HOSPITALITY, LLC; LEXICON HOSPITALITY INVESTMENTS, LLC, <br><br>     Defendants. | Civil Action <br> File No.: 1:25-CV-01062-LMM |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of **DEFENDANTS STUDIO 6 DELK ROAD, LLC, LEXICON HOSPITALITY, LLC AND LEXICON HOSPITALITY INVESTMENTS, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) **or** by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Jennifer M. Webster, Esq.
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Ste. 4000
Duluth, Georgia 30097

pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

This 25th day of November, 2025.

By:  */S/ROBERT A. LUSKIN*
Robert A. Luskin
GA State Bar No.: 004383
rluskin@chartwelllaw.com
Danielle N. Glover
GA State Bar No.: 650569
dglover@chartwelllaw.com
3350 Riverwood Parkway SE, Suite 1250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632