UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAL ROSEBERRY, W.K., and J.T.,

v.

STUDIO 6 DELK ROAD, LLC; LEXICON HOSPITALITY, LLC; and LEXICON HOSPITALITY INVESTMENTS, LLC,

Defendants.

CIVIL ACTION FILE

NO. 1:25-cv-01062-LMM

**DEFENDANTS' MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER TO PERMIT DEFENDANTS TO AMEND THEIR ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT TO ASSERT A STATUTE OF LIMITATIONS DEFENSE AND BRIEF IN SUPPORT**

COME NOW Defendants Studio 6 Delk Road, LLC, Lexicon Hospitality, LLC, and Lexicon Hospitality Investments, LLC (collectively, "Defendants"), by and through undersigned counsel, and submit this Motion for Leave to Modify the Scheduling Order to Permit Defendants to Amend Their Answer and Defenses to Plaintiffs' Amended Complaint to Assert a Statute of Limitations Defense and Brief in Support ("Motion").

## INTRODUCTION

Defendants respectfully request a limited modification of the Scheduling Order on June 24, 2026, **(Doc. 50)** under Federal Rule of Civil Procedure 16(b)(4) and leave under Rule 15(a)(2) to amend their Answer and Defenses to Plaintiffs' Amended Complaint ("Answer") on November 25, 2025, **(Doc. 41)** to assert a statute-of-limitations ("SOL") affirmative defense as to Plaintiffs' claims prior to February 28, 2015.

The Court entered the Scheduling Order on June 24, 2026, incorporating the parties' Revised Joint Preliminary Report and Discovery Plan ("Discovery Plan"), filed on June 22, 2026 **(Doc. 49).** The Discovery Plan set the deadline for amending the pleadings no later thirty (30) days after the filing of the Discovery Plan "unless otherwise permitted by law."

Defendants file this Motion and seek to assert a SOL defense based on the recent testimony of Plaintiff J.T. at her deposition on September 9, 2026 (**Exhibit A**).[1] The Motion is grounded on common facts and legal principals already known to Plaintiffs: *i.e.,* when the alleged trafficking started and ended, when Plaintiff J.T. reached the age of majority, when this action was filed, and whether the otherwise applicable ten-year SOL under the TVPRA, 18 U.S.C. § 1595(c)(1) applies to all

[1] **Exhibit A** contains excerpts from Plaintiff J.T.'s Deposition Transcript.

claims asserted by J.T. or if it is tolled under 18 U.S.C. § 1595(c)(2) for claims arising prior to 2015.

Defendants did not have sufficient information to assert this fact dependent defense before the pleading amendment deadline, which expired less than two months ago. Defendants acted promptly by requesting an expedited deposition transcript of J.T.'s testimony and bringing this Motion within a week of receiving same. Discovery remains open, and the requested amendment requires no extension of the discovery deadline or other case management dates. Defendants therefore satisfy Rule 16(b)(4)'s diligence requirement. The amendment also should be permitted under Rule 15(a)(2) because it presents a potentially dispositive defense grounded in Plaintiff J.T.'s recent testimony and can be litigated within the existing schedule. Finally, the amendment is proper, as the affirmative defense of SOL is not waived if raised in the Pretrial Order, which has not yet been filed.

No additional discovery concerning these issues is requested or even warranted, and the amendment to include the SOL would not delay or alter trial. Importantly, the facts on which this Motion is based were known, or should have been known, by the Plaintiffs throughout the litigation. Thus, the requested amendment would not prejudice the Plaintiffs or inconvenience the Court. However, permitting the amendment will avoid injustice, as it will permit Defendants to assert a SOL defense against claims which are or may be barred under federal law.

## I. PROCEDURAL HISTORY

Plaintiffs filed this action on February 28, 2025, alleging they were subjected to sex trafficking at the Motel 6 (**Doc. 1**). In response to Defendants' Motion to Dismiss on May 7, 2025 (**Doc. 14**), Plaintiffs filed an Amended Complaint on May 9, 2025 (**Doc. 15**). After the Court ruled on the pending motions, Defendants filed their Answer on November 25, 2025 (**Doc. 41**), and ten days later, on December 5, 2025, the proceedings were stayed upon Defendants' filing of a Suggestion of Bankruptcy (**Doc. 43**).

The stay was lifted just over three months ago, on June 8, 2026 (**Doc. 48**), and the Court entered its Scheduling Order on June 24, 2026. The Scheduling Order established a deadline of July 22, 2026, to amend the pleadings. Defendants have diligently pursued discovery since that time. Discovery remains open.

## II. STATEMENT OF FACTS

According to the Complaint **(Doc. 1)**, the Amended Complaint **(Doc. 15**), and her discovery responses to Defendant Studio 6 Delk Road (**Exhibit B**),[2] Plaintiff J.T. alleges she was trafficked at various times in 2012, 2013, 2015, 2016, 2019, 2020,

---

[2] **Exhibit B** contains excerpts from Plaintiff J.T.'s Objections and Responses to Defendant Studio 6 Delk Road, LLC's Amended First Interrogatories to Plaintiff J.T.

2021, and/or 2022.[3] Specifically, Plaintiff J.T. alleges her trafficking started when she was a minor in 2012 and continued during subsequent years, up to and potentially including 2022.[4] Defendants interpreted and understood these averments to allege a continuing tort that began during her minority and tolled the SOL for her pre-2015 claims. Defendants confirmed otherwise only after J.T.'s deposition on September 9, 2026, when she unequivocally testified there was at least one substantial gap in time during which she was not trafficked. The break between multiple, separate trafficking incidents terminated any claimed continuity and related tolling of the SOL.

Perhaps more significantly, J.T. testified in her deposition she was first trafficked in the winter of 2012, "beginning of Thanksgiving or – yeah. Sometime that was cold…I just remember it being cold and – it came before the holidays. I know that."[5] She turned 18 on XX/XX/2012.[6] Thanksgiving was on November 24, 2012.[7]

Although Defendants knew J.T.'s date of birth, nothing in the Complaint or in J.T.'s discovery responses suggested her trafficking may have started on or after her 18th birthday. Indeed, in those documents, Plaintiffs specifically allege J.T. was a

---

[3] *See* Complaint at ¶¶ 20, 33, 34, 35, and 42; *See also*, **Exhibit B,** Interrogatory 3.
[4] *Id.*
[5] *See* **Exhibit A,** Deposition of J.T. at p. 15.
[6] *Id.* at p. 18.
[7] *See* 5 U.S.C. § 6103(a) (designating Thanksgiving Day as the fourth Thursday in November); Fed. R. Evid. 201(b) (permitting judicial notice of facts capable of ready and accurate determination).

minor when she was trafficked at the Defendants' hotel in 2012. In her responses to the Defendants' separate Interrogatories, J.T. stated she resided at the Motel 6 for two consecutive months in 2012.[8] While there, J.T. said she was a "child" being purchased for "child sex" by unidentified men, including a man J.T. believed was affiliated with the hotel who purchased her for sex on multiple occasions.[9]

Notably, at no time prior to J.T.'s deposition did Plaintiffs identify the specific month(s) or time of year when J.T. was trafficked. Defendants discovered for the first time during J.T.'s deposition that the alleged trafficking commenced in the latter part of 2012, "when it was cold," and quite possibly on or after her 18th birthday. In hindsight, this information is conspicuously absent from every allegation and every discovery response provided by Plaintiffs. Thus, J.T.'s deposition testimony revealed what was previously undisclosed: J.T. was an adult for at least some of her time at the Motel 6, and quite possibly the entire time.

For these reasons, Defendants file this motion less than two weeks after J.T.'s deposition seeking leave to add the following affirmative defense:

---

[8] *See* **Exhibit B,** Interrogatory Number 2; **Exhibit C,** Plaintiff J.T.'s Objections and Responses to Defendant Lexicon Hospitality, LLC's First Amended Interrogatory to Plaintiff J.T., Interrogatory Numbers 1 and 4.
[9] *Id.*

Plaintiff J.T.'s claims are barred, in whole or in part, by the applicable statutes of limitation, including 18 U.S.C. § 1595(c). Plaintiff bears the burden of establishing the factual predicates for any claimed minority-based or equitable tolling.

## III. LEGAL STANDARD

When a party seeks to amend a pleading after the scheduling order deadline, the Court applies a two-step analysis. The movant must first establish good cause to modify the scheduling order under Rule 16(b)(4). Upon the Court's finding of good cause, the Court considers whether amendment is proper under Rule 15(a)(2). ***Spearman v. Broker Solutions, Inc.***, 2022 U.S. Dist. LEXIS 98277, *4, 2022 WL 1716438 (N.D. Ga. February 16, 2022), *citing* ***Sosa v. Airprint Sys., Inc.***, 133 F.3d 1417, 1419 (11th Cir. 1998).

Rule 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Good cause exists when the scheduling deadline could not have been met despite the moving party's diligence. ***Sosa***, 133 F.3d at 1418. Diligence turns on whether the movant made efforts to timely gather the relevant facts, when the information became available, and how soon the party moved to amend upon discovering the information. ***Snadon v. Sew-Eurodrive, Inc.***, 859 F. App'x 896, 897 (11th Cir. 2021).

If good cause exists under Rule 16(b)(4), Rule 15(a)(2) directs that leave to amend be freely given when justice so requires. ***Bank of Am., N.A. v. Stark***, 2025

U.S. Dist. LEXIS 220699, *13-14, 2025 LX 511312, 2025 WL 3124012 (N.D. Ga. Sep. 15, 2025), *citing* ***Snadon***, 859 F. App'x at 897.

## IV. ARGUMENT

### A. Defendants Have Good Cause to Modify the Scheduling Order.

Defendants satisfy Rule 16(b)(4) because the factual basis for the proposed defense emerged after the pleading amendment deadline and Defendants moved promptly after obtaining that information.

In ***Sosa v. Airprint Systems, Inc.***, the Eleventh Circuit cited diligence as the central consideration under Rule 16(b)(4). The court affirmed denial of the requested amendment because the movant had access to the relevant information before filing suit, failed to pursue it early in discovery, and then waited approximately six months after receiving additional information before seeking amendment. ***Sosa***, 133 F.3d at 1417.

The circumstances here are considerably different. Plaintiff J.T.'s deposition occurred after the amendment deadline (but within the discovery period), and her testimony introduced a material uncertainty about whether she was a minor when the alleged trafficking began. Defendants did not wait months after receiving that testimony; they sought amendment in less than two weeks.

Evidence supporting an amendment that could not have been discovered through reasonable diligence until after the amendment deadline supports a determination of

good cause. ***Pope v. Fulton Cty. Gov't***, No. 1:23-cv-5055-LMM-CMS, 2024 LX 114428, at *2 (N.D. Ga. July 22, 2024). In ***Pope***, the district court found good cause existed to modify the scheduling order and amend the answer where, like here, the defendant moved to amend two weeks after discovering relevant information during a deposition. Here, Defendants pursued the issue while discovery remained open and moved promptly when Plaintiff's testimony supplied a factual basis for the limitations defense.

The requested modification is also narrow. Defendants seek only permission to amend their Answer. They do not request an extension of discovery or any other case management deadline. Because discovery remains open, the parties can address the timing of the alleged trafficking and any claimed basis for tolling within the existing schedule.

B. Leave to Amend Is Proper Under Rule 15(a)(2).

Rule 15(a)(2) favors amendment when justice so requires. ***Smith v. Sch. Bd.***, 487 F.3d 1361, 1363, 20 Fla. L. Weekly Fed. C 683 (11th Cir. 2007). The requested amendment satisfies that standard. Factors a court may consider in deciding whether to grant a party's motion to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) multiple failures to cure deficiencies by previously allowed amendments; (4) prejudice to the other parties; and (5) futility of the proposed amendment.

***Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.***, 556 F.3d 1232, 1241, 21 Fla. L. Weekly Fed. C 1463 (11th Cir. 2009).

In the instant case, Defendants acted promptly. They filed this motion less than two weeks after Plaintiff's deposition. Additionally, Defendants have a legitimate basis for requesting the amendment, and the amendment will serve justice. Third, Defendants have not previously requested an amendment. Fourth, neither Plaintiffs nor the Court will suffer prejudice, as the amendment will not extend the case or delay trial, and the Plaintiffs already knew or should have known of the facts supporting the amendment.

Finally, the proposed amendment is not futile. Section 1595(c)'s alternative SOL is measured from the victim's eighteenth birthday and depends on the victim having been a minor at the time of the alleged offense. Plaintiff's testimony places that fact in dispute. Unless J.T.'s pre-2015 claims were tolled under 18 U.S.C. §1595(c)(2) or there is a continuing tort, they are barred by the ten-year statute of limitations.

C. The Statute of Limitations Affirmative Defense is Not Waived if Included in the Pretrial Order

Defendants' Motion should be granted for the additional reason that failure to include the SOL defense in the answer does not waive the defense if it is included in the pretrial order. ***Hargett v. Valley Fed. Sav. Bank***, 60 F.3d 754, 763 (1995); *see also*, ***Huh v. Marktec, Inc***., No. 4:24-CV-00100-WMR-JHR, 2026 LX 53494, at

*23 n. 26 (N.D. Ga. Jan. 28, 2026). A party can avoid waiver of an affirmative defense by raising it in the pretrial order. ***Steger v. GE***, 318 F.3d 1066, 1077, 16 Fla. L. Weekly Fed. C 209 (11th Cir. 2003), *citing* ***Drill South, Inc. v. International Fidelity Ins. Co.***, 234 F.3d 1232, 1239 (11th Cir. 2000) (per curiam).

Indeed, even the pretrial order can be amended to add an omitted affirmative defense to prevent injustice. The Eleventh Circuit has held that, where there is no finding of substantial injury or prejudice to the opposing party and or inconvenience to the Court, "[t]here is a presumption that a pretrial order will be amended." ***Hargett***, 60 F.3d at 763. Even where there ***is*** a finding of prejudice or inconvenience, the pretrial order should nevertheless be amended to avoid manifest injustice. ***Id.***

Since the parties have not filed a pretrial order in this case, and since the SOL defense is not waived if included in the pretrial order, it is proper to allow Defendants to amend their Answer to add the defense now, while discovery is still open. As the amendment causes no prejudice to Plaintiffs and no inconvenience to the Court, it should be permitted.

## V. CONCLUSION

Defendants respectfully request this Court grant their motion to modify the Scheduling Order and permit Defendants to amend the Answer to assert the following affirmative defense:

> Plaintiff J.T.'s claims are barred, in whole or in part, by the applicable statutes of limitation, including 18 U.S.C. § 1595(c). Plaintiff bears the burden of establishing the factual predicates for any claimed minority-based or equitable tolling.

A copy of the proposed Amended Answer is attached hereto as **Exhibit D**.[10]

Respectfully submitted, this 21st day of September, 2026.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ *Lisa K. Whitfield*
Patrick B. Moore
GA Bar No. 520390
Sarah J. Unatin
GA Bar No. 953061
Lisa K. Whitfield
GA Bar No. 428950
*Counsel for Defendants*

3344 Peachtree Rd, N.E., Ste 2400
Atlanta, GA 30326
(404) 876-2700 / Fax: (404) 875-9433
lwhitfield@wwhgd.com
sunatin@wwhgd.com
pmoore@wwhgd.com

[10] The only changes made to the original Answer are (1) the addition of the SOL affirmative defense; and (2) grammatical changes. The grammatical changes are limited to substituting "Defendants" for "Defendant," changing the verb tense to coincide with those changes, and removing the word "remaining" from some paragraphs where the response indicates the Defendants do not have sufficient knowledge (specifically, some paragraphs said the Defendants have insufficient knowledge to respond to the "remaining allegations" instead of the "allegations" in the paragraph).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MICHAL ROSEBERRY, W.K., and J.T.,**<br><br>**Plaintiffs,**<br>**v.**<br>**STUDIO 6 DELK ROAD, LLC; LEXICON HOSPITALITY, LLC; LEXICON HOSPITALITY INVESTMENTS, LLC,**<br><br>**Defendants.** | **Civil Action No. 1:25-CV-01062-LMM** |

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed and served the foregoing in the above-captioned matter via PACER electronic filing, which will serve a copy of said filing upon all counsel of record, addressed as follows:

*Counsel for Plaintiffs*
Patrick J. McDonough
Jonathan S. Tonge
Jennifer M. Webster
Rory A. Weeks
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
rweeks@atclawfirm.com

*[Co-]Counsel for Defendants*
Peter F. Schoenthaler
Timothy Blenner
Neill K. Wright
Christopher Rosser
PETER F. SCHOENTHALER, P.C.
6400 Powers Ferry Rd NW, Ste 230
Atlanta, GA 30339
pfs@schoenthalerlaw.com
tblenner@schoenthalerlaw.com
nwright@schoenthalerlaw.com

*Counsel for HIMA Enterprises*
Daniel C. Headrick
JOHNSON EVANS & HEADRICK, P.C.
3101 Cobb Parkway SE
Suite 124
Atlanta, GA 30339
dheadrick@je.legal

Matthew J Evans
JOHNSON EVANS & HEADRICK, P. C.
900 S. Gay Street, Suite 1810
Knoxville, TN 37902
mevans@je.legal

*Counsel for Studio 6*
Robert A. Luskin
Danielle Nicole Glover
CHARTWELL LAW, LLP
3350 Riverwood Pkwy SE
Suite 1250
Atlanta, GA 30339
rluskin@chartwelllaw.com
dglover@chartwelllaw.com

This 21st day of September, 2026.

/s/ *Lisa K. Whitfield*
Lisa K. Whitfield

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Lisa K. Whitfield

Patrick B. Moore
GA Bar No. 520390
Sarah J. Unatin
GA Bar No. 953061
Lisa K. Whitfield
GA Bar No. 428950
*Counsel for Defendants*

3344 Peachtree Rd, N.E., Ste 2400
Atlanta, GA 30326
(404) 876-2700 / Fax: (404) 875-9433
lwhitfield@wwhgd.com
sunatin@wwhgd.com
pmoore@wwhgd.com