# Exhibit

# C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAL ROSEBERRY, W.K., and J.T.,<br><br>Plaintiffs,<br><br>v.<br><br>STUDIO 6 DELK ROAD, LLC; LEXICON HOSPITALITY, LLC; and LEXICON HOSPITALITY INVESTMENTS, LLC,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-01062-LMM |

**PLAINTIFF J.T.'S OBJECTIONS AND RESPONSES TO DEFENDANT LEXICON HOSPITALITY, LLC'S FIRST AMENDED INTERROGATORIES TO PLAINTIFF J.T.**

1.

Describe in detail how and when You first became involved in sex trafficking, including the circumstances that led to that involvement. In doing so, identify the individuals You allege were involved, the role of any intermediaries, the nature of Your relationship with those individuals, and any communications You had with them, including when and how those communications occurred and what was discussed.

**PLAINTIFF'S RESPONSE: At an unknown time in 2012, Plaintiff and Ramone Jackson were introduced by their mutual friend, Alyssa Kinkaid.**

**Shortly after this meeting, Jackson began a seemingly romantic pursuit of Plaintiff. However, it was a lie; Jackson deliberately hid his intention to traffic Plaintiff during their early interactions. Plaintiff eventually agreed to meet. It was at this meeting that Jackson asked Plaintiff if she was "ready to work" and then began posting selling the child for sex.**

2.

State whether You have ever engaged in commercial sex at any time, whether before, during, or after the period You allege You were trafficked, including any occasion in which You did so voluntarily, by choice, or without the use of force, fraud, threats, or coercion. For each such instance, describe the circumstances, including when and where it occurred, the identity of the person(s) involved (to the extent known), and the form, amount, or nature of any compensation, benefit, or thing of value You received in exchange.

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it requests Plaintiff apply the law to facts and draw legal conclusions. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the admissibility of evidence.**

**Subject to these objections and by responding not waiving them, Plaintiff has engaged in survival sex.**

3.

Describe in detail every effort You made to leave, escape from, or seek help in connection with the individual(s) You allege trafficked You, and explain when and how You contend Your trafficking ended. Your response should include when and where such efforts took place, what prompted them, from whom You sought help (if anyone), and what occurred as a result, including any follow-up by the person or agency involved.

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the Interrogatory is vague and ambiguous.**

**Subject to these objections and by responding not waiving them, Plaintiff recalls that she made two unsuccessful attempts to escape from Jackson during the period of trafficking. Ultimately, Jackson was arrested on unrelated charges, at which point Plaintiff was finally able to get away from him.**

4.

State whether You communicated (whether verbally, in writing, or through any other means) with any employee or representative of the Motel 6 located at 2360 Delk Road in Marietta, Georgia during the time You allege You were trafficked there. If so, describe the person, the nature and timing of the communication, how it

occurred, and whether You disclosed information about trafficking, sought assistance, or indicated that You were in danger, including the content of any such disclosure and what response or action, if any, followed.

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably limited in scope because it asks for "the nature and timing of the communication, how it occurred" and the substance of what was said or conveyed. Plaintiff cannot possibly recall every such conversation or communication. Plaintiff further objects to this Interrogatory in that it calls for information that is in the sole possession, custody, or control of Defendant or some other individual or entity.**

**Subject to these objections and by responding not waiving them, in 2012, Plaintiff was trafficked at Defendants' hotel by Ramone Jackson. During this period, Plaintiff stayed at Defendant's hotel for two consecutive months. Although Plaintiff cannot remember the exact room number she was trafficked out of, she recalls that her room was close to the front office on the second floor.**

**In 2012, Plaintiff recalls having approximately three or four dates with an African American man Plaintiff believed was affiliated with Defendant's hotel. Plaintiff does not know the identities of the other buyers who purchased her for sex at Defendant's hotel.**

**From 2015 through 2016, Plaintiff was trafficked at Defendant's hotel by**

**a trafficker that went by the name "PM." Although Plaintiff cannot remember the exact room number she was trafficked out of, she recalls that she stayed in a room that was on the top floor of the hotel. Plaintiff was raped by Steven E. Cox at Defendants' hotel. Plaintiff does not know the identities of the other buyers who purchased her for sex at Defendant's hotel.**

**Beyond the individual who purchased Plaintiff for child sex, Plaintiff and her traffickers interacted with Defendant's employees, including housekeeping and front desk employees. Housekeepers would clean Plaintiff's room, finding trashcans full of condoms, bottles of lubricant, multiple girls in underwear or skimpy clothes, and drug needles and other paraphernalia. Housekeepers also delivered extra towels to the room.**

**Employees, including housekeepers, allowed the trafficking in rooms to continue for extra tips. And front desk employees were paid by Plaintiff's trafficker for their assistance.**

**Plaintiff further refers Defendant to her responses to these Interrogatories and the documents produced in this case.**

5.

Identify every individual other than Your alleged trafficker(s) with whom You communicated during the period You contend You were being trafficked, whether at the Motel 6 or elsewhere. For each, describe who the person was, their current or

| | | |
|---|---|---|
| **Any and all people listed in the documents produced in discovery by Plaintiff or Defendants or from any third-party** | | |
| **Any other witnesses identified in Defendant's initial disclosures and all discovery responses** | | |
| **Custodians of records for all documents produced by Plaintiff** | | |

**Plaintiff further refers Defendants to her responses to these Interrogatories and the documents produced in this case.**

Respectfully submitted October 14, 2025.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile